IN THE SUPREME COURT OF THE STATE OF DELAWARE

COLLEEN WYNN, § 
§ No. 111, 2017
Defendant-Below, §
Appellant, § Court Below: Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. K1510017985
STATE OF DELAWARE, §
§
Plaintiff-Below, §
Appellee. §

Submitted: December 13, 2017
Decided: December 22, 2017

Before **STRINE**, Chief Justice; **VALIHURA**, and **SEITZ**, Justices.

## <u>ORDER</u>

This 22nd day of December, 2017 having considered the briefs and the record below, it appears to the Court that:

(1) On November 2, 2015, a Kent County grand jury indicted the appellant, Colleen Wynn, for one count of theft of greater than $50,000, four counts of theft of greater than or equal to $15,000, two counts of forgery in the second degree, and one count of identity theft arising from four transactions at the used car dealership she and her husband, Desmond Wynn, owned and operated. At the final case review on November 30, 2016, a week before her trial was to begin, Wynn made a request for a continuance of two weeks to a month, claiming that a medical issue necessitated a

postponement because her condition and medication could cause fatigue and affect her memory and comprehension.  The trial judge denied the request.  On December 13, 2016, after a five-day trial, the jury found Wynn guilty on all charges.  Wynn was sentenced to a total of thirty years of Level V incarceration, suspended after eighteen months for one year of Level III probation, and restitution of $121,830 to the victims.

(2)    Wynn has appealed a single issue—whether the Superior Court abused its discretion by denying her continuance request in light of her medical condition.  Wynn claims that her medical condition could have interfered with her comprehension and memory, and therefore could have prejudiced her at trial.  This Court reviews the denial of a request for continuance for abuse of discretion and will not overturn the ruling unless it is clearly unreasonable or capricious.[1]

(3)    Wynn's arguments on appeal are without merit.  The trial court is afforded broad discretion when deciding to grant or deny a request for continuance.[2]  Wynn had been granted four continuances in a little over a year since her indictment.[3]  The trial judge was able to assess her condition first-hand, and determined that she was capable of participating in her own defense.  She was also

---

[1] *Bailey v. State*, 521 A.2d 1069, 1088 (Del. 1987).
[2] *Id.*
[3] App. to Opening Br. at 1-3.  Wynn requested the earlier continuances for personal issues unrelated to her current medical issue, and for two changes of defense counsel.

represented by counsel, and able to testify at trial.  Thus, the Superior Court did not abuse its discretion in denying the request for a continuance.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice